# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1404

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Shane Allen Werlein, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 14, 2011
Filed: December 15, 2011

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Shane Allen Werlein pled guilty to production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The district court[1] imposed the maximum statutory penalty of 30 years in prison. Werlein appeals his sentence arguing that it was substantively unreasonable and that the district court violated Tapia v. United States, 131 S. Ct. 2382 (2011). We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Werlein was charged with two counts of production of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), 2251(a), and 2251(e). He pled guilty to one count of producing child pornography, admitting that he had used online profiles to befriend at least two adolescent girls, had engaged in sexual conduct with them, and had downloaded onto his computer sexually explicit pictures of them. The presentence investigation report (PSR) calculated a total offense level under the guidelines of 46 and noted that such a level generally leads to a guideline range of life imprisonment. The PSR explained, however, that because 18 U.S.C. § 2251(e) imposes a mandatory maximum term of imprisonment of 30 years for Werlein's crime, his guideline range would be 360 months. U.S.S.G. § 5G1.1.

At the sentencing hearing, Werlein's attorney discussed the defendant's experience of being bullied as a child and requested a sentence of 198 months. The government requested a 360 month sentence, stating that Werlein "will continue to victimize young women as long as he is able." One of Werlein's victims explained to the court how the defendant had abused her and how his abuse had affected her life. She stated that she "couldn't sleep at night knowing there are other innocent girls younger than [her], getting hurt by this sickened man."

The district court first acknowledged that Werlein had been bullied as a child and discussed the need for therapeutic intervention for people who have experienced bullying. The court stated that Werlein posed a high risk of recidivism and that his sentence must "promote respect for the law" and "protect the public safety." While the district court mentioned therapeutic intervention and treatment, its statements were made in the context of explaining the risk that Werlein posed to the general public. After citing the factors set out in 18 U.S.C. § 3553(a), the district court sentenced Werlein to 360 months and stated that it thought this was "a 30-year case" because of the egregiousness of Werlein's conduct. Werlein's lawyer then requested that the court

recommend a facility with a treatment program, which the court agreed to do. Werlein appeals.

In reviewing the sentence, we first "ensure that the district court committed no significant procedural error." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If there has been no procedural error, we review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. Gall, 552 U.S. at 51. A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). Where, as here, an appellant does not argue that the district court committed a procedural error, we "bypass the first part of our review and move directly to review the substantive reasonableness of his sentence." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009).

Werlein first contends that district court should have given little deference to the child pornography guidelines because they were mandated by Congress and therefore do not represent an exercise of the sentencing commission's "characteristic institutional role." Kimbrough v. United States, 552 U.S. 85, 109 (2007). He relies on decisions by district courts that have rejected guidelines related to child pornography offenses based on policy disagreements with them. See United States v. Beiermann, 599 F. Supp. 2d 1087, 1106 (N.D. Iowa 2009). A presumption of reasonableness will be applied to sentences within the guideline range, even if the sentence is derived from a guideline that was "the product of congressional direction rather than [an] empirical approach." United States v. Kiderlen, 569 F.3d 358, 369 (8th Cir. 2009).

In this case the record does not indicate that the district court heavily relied on the guideline range of 360 months in imposing Werlein's sentence. See United States

v. Ultsch, 578 F.3d 827, 830 (8th Cir. 2009). The district court carefully reviewed the § 3553(a) factors and determined that "anything less than 360 months would not promote respect for the law, [and] protect the public safety." We presume that the sentence is reasonable because it corresponded to the guideline range provided in the PSR and reflected the district court's agreement with Congress as to the serious nature of Werlein's crime. Kiderlen, 569 F.3d at 369. We therefore conclude that the district court did not abuse its discretion in sentencing Werlein to his guideline range of 360 months.

Werlein next argues the district court gave undue weight to the victim's statement at his sentencing hearing, relied on uncharged conduct that was referenced in the PSR, and overstated the severity of Werlein's crime in crafting his sentence. We disagree. The court was well within its discretion to consider the victim's statement during the sentencing hearing. See United States v. Ortiz, 636 F.3d 389, 393–94 (8th Cir. 2011). The inclusion of uncharged conduct in the PSR was also proper as a sentencing court may review such relevant evidence in considering a sentence. United States v. Whiting, 522 F.3d 845, 850 (8th Cir. 2008). Furthermore, the district court properly determined that Werlein's crime was particularly severe and that he posed a high risk of recidivism. The district court therefore did not abuse its discretion in sentencing him to 360 months to "promote respect for the law" and "protect the public safety."

Werlein also argues that the district court improperly considered his need for rehabilitation in deciding on his sentence. The Supreme Court has stated that a court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia, 131 S. Ct. at 2393. The Supreme Court noted, however, that during sentencing a district court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." Id. at 2392. We have stated that no plain Tapia error occurs where a district court "never expresse[s] an intention to lengthen

[a defendant's] sentence for rehabilitative purposes." <u>United States v. Blackmon</u>, --- F.3d ---, 2011 WL 5984287, at \*4 (8th Cir. Dec. 1, 2011).

The record in this case reflects that the district court did not impose or lengthen Werlein's sentence to promote his rehabilitation. The court focused on the high likelihood that Werlein would reoffend and the need to protect the public from him. While the district court mentioned therapeutic intervention and treatment at the sentencing hearing, these references were made in the context of explaining why Werlein posed a risk of recidivism, responding to a request by Werlein's attorney that he be placed in a facility with treatment, and mentioning that Werlein might benefit from professional assistance. <u>See</u> <u>United States v. Orrellana-Rosales</u>, No. 11-1395, 2011 WL 5420830, at \*2 (11th Cir. Nov. 9, 2011) (no <u>Tapia</u> error where a reference to rehabilitation amounted to an "observation about the effect of the sentence" instead of a basis to determine "the duration of imprisonment"). Like in <u>Blackmon</u>, there is no indication in this case that the district court lengthened Werlein's sentence so that he could complete a certain treatment program while in prison. We therefore conclude that the district court did not improperly consider Werlein's need for rehabilitation in sentencing him to 360 months.

The judgment of the district court is affirmed.
_____