BENTON, Circuit Judge,
dissenting.
Olson failed to object to the sentence when imposed. The Supreme Court left to the courts of appeals the application of plain-error review to unpreserved Tapia issues. Tapia v. United States, — U.S. -, 131 S.Ct. 2382, 2393,180 L.Ed.2d 357 (2011), citing Fed.R.Crim.P. 52(b) and United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (articulating the standards for plain-error review).
This circuit, like most circuits, applies plain-error review to unpreserved Tapia issues. United States v. Blackmon, 662 F.3d 981, 986-87 (8th Cir.2011) (finding no plain error despite the district court’s discussion of rehabilitation, as the court did not express an intent to lengthen the sentence for rehabilitation purposes), citing United States v. Pirani, 406 F.3d 543, 549 (8th Cir.2005) (en banc); United States v. Werlein, 664 F.3d 1143,1147 (8th Cir.2011) (per curiam) (citing Blackmon to find no plain Tapia error, as the court did not express an intent to lengthen the sentence for rehabilitative purposes). See generally *964 the Table at end of this opinion for the cases from other circuits.
This panel is bound by the Blackmon and Werlein decisions. See Mader v. United States, 654 F.3d 794, 800 (8th Cir.2011) (en banc) (“one panel is bound by the decision of a prior panel.”).
Under plain-error review, the first inquiry is whether there is indeed an error. Blackmon, 662 F.3d at 987-88; Werlein, 664 F.3d at 1146-47. Just before imposing the sentence, the district court here addresses, in order and by name, each sentencing factor in 18 U.S.C. § 3553(a). The district court mentions rehabilitation once, in the paragraph quoted in the panel’s opinion. Ante at 961. The district court discusses only the benefits of the federal treatment system. The district court committed no error “by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters.” Tapia, 131 S.Ct. at 2392.
The panel opinion emphasizes the district court’s rejection of a five-level enhancement due to the district court’s intent to impose a consecutive sentence. This intent is announced at the start of the hearing — without any reference to rehabilitation. Unlike the Tapia case, the district court’s statements here do not suggest that it may have imposed or lengthened the sentence to enable Olson to complete a treatment program or otherwise to promote rehabilitation. Id. at 2392-93. No Tapia error occurred.
The panel opinion finds an error and ends its analysis. It asserts that a remand is required if the district court is “not clear” that it did not rely on rehabilitation to impose or lengthen a sentence. Ante at 961-62, 963. This standard is contrary to the requirements of plain-error review adopted in Blackmon. Blackmon, 662 F.3d at 987-88. Even if an “error” occurred that was “plain,” remand is not automatic. Olson must demonstrate “an error that affected his substantial rights.” Id., citing United States v. Bain, 586 F.3d 634, 640 (8th Cir.2009) (per curiam).
[Wjhere the effect of the error on the result in the district court is uncertain or indeterminate — where we would have to speculate — the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.
Id., quoting Pirani, 406 F.3d at 553. The district court here makes a straightforward analysis of the § 3553(a) factors. The consecutive, top-of-guidelines sentence is based on the exceptional egregiousness of the crime, the use of child pornography in the abuse of Olson’s stepdaughter, and the need for deterrence and incapacitation. The “most important part” of the case, says the district court, is protecting the public from future crimes by Olson. The district court emphasizes the risk to the community from a “profoundly disturbed” individual who is a hands-on offender. Although the district court addresses the § 3553(a) factor of “medical and correctional treatment,” Olson has not met his burden of showing a reasonable probability of a lesser sentence. In this case, even if an error occurred, its effect is uncertain, indeterminate, and speculative.
Because the judgment of the district court should be affirmed, I dissent.
TABLE

Applying plain-error review

United States v. Martin, [445 Fed.Appx. 692, 696-97] No. 09-5047, 2011 WL 3849889, at *4 (4th Cir. Sept. 1, 2011) (unpublished) (per curiam)
*965 United States v. Henderson, 646 F.3d 223, 225 (5th Cir.2011)
United States v. Tapia, 665 F.3d 1059, 1061-62, 2011 WL 6091308, at *2 (9th Cir. Dec. 8, 2011) (on remand from Supreme Court)
United States v. Grant, 664 F.3d 276, 279-80, 2011 WL 6016182, at *3 (9th Cir. Dec. 5, 2011)
United States v. Cordery, 656 F.3d 1103, 1105 (10th Cir.2011)
United States v. Cardenas-Mireles, 446 Fed-Appx. 991, 993-94 No. 11-2138, 2011 WL 6394280, at *2 (10th Cir. Dec. 21, 2011)

Acknowledging plain-error review as proper standard

United States v. Molignaro, 649 F.3d 1, 2 n. 1 (1st Cir.2011) (assuming plain-error review would apply, but applying de novo review because the sentencing judge made clear he understood defendant objected at sentencing)
United States v. Orrellana-Rosales, 446 Fed.Appx. 240, 241-42 No. 11-11395, 2011 WL 5420830, at *1 n. 1 (11th Cir. Nov. 9, 2011) (noting that the court “ordinarily would apply a more stringent plain error standard of review,” but applying abuse of discretion because the defendant’s claim of error was based on the court’s comment in a sidebar after the sentence was announced)

Others

United States v. Walker, 649 F.3d 511, 513 (6th Cir.2011) (reviewing under a deferential abuse-of-discretion standard)
United States v. Kubeczko, 660,F.3d 260, 261 (7th Cir.2011) (mentioning no standard of review, but apparently applying de novo review)