# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1544

_____

United States of America,           *
                                   *

        Appellee,       *

                                   *   Appeal from the United States
    v.                            *   District Court for the
                                 *   Eastern District of Missouri.

Randall L. Replogle,        *

                                   *

        Appellant.     *

_____

Submitted: May 9, 2012
Filed: May 17, 2012

_____

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This case is on remand from the Supreme Court. In our opinion filed January 11, 2011, *United States v. Replogle*, 628 F.3d 1026 (8th Cir. 2011), we affirmed the judgment of the district court[1] imposing a sentence of 360 months' imprisonment for Randall Replogle's offense of producing child pornography, in violation of 18 U.S.C. § 2251(a).

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

On June 16, 2011, the Supreme Court decided *Tapia v. United States*, 131 S. Ct. 2382 (2011). *Tapia* held that a district court cannot "impose or lengthen a prison term in order to foster a defendant's rehabilitation." *Id*. at 2386. This is so, the Court explained, because 18 U.S.C. § 3582(a) provides that a sentencing court must "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." The sentencing judge in *Tapia* had remarked that one of the factors influencing his choice of sentence was "the need to provide treatment," and the court decided to impose a 51-month sentence for Alejandra Tapia "so she is in long enough to get the 500 Hour Drug Program." *Id*. at 2385. The Supreme Court thought these statements "suggest[ed] that the court may have calculated the length of Tapia's sentence to ensure that she receive certain rehabilitative services," so the Court remanded the case for further proceedings. *Id*. at 2393. We have observed that the district court in *Tapia* "explicitly calculated the length of the sentence to ensure the defendant's eligibility for a drug treatment program." *United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012).

Replogle petitioned for a writ of certiorari on June 30, 2011, and argued that his case should be remanded for reconsideration in light of *Tapia*. He urged that the district court's remarks at sentencing suggested that the court chose the sentence of 30 years "for purposes of providing rehabilitative treatment." Petition for Writ of Certiorari at 18, *Replogle v. United States*, 132 S. Ct. 401 (2011) (No. 11-5094). The government responded that Replogle may not be entitled to resentencing based on *Tapia* for a number of reasons, including (1) that he failed to preserve the claim at sentencing, so he must satisfy the plain-error standard to gain relief, and (2) that Replogle did not raise the claim in his opening brief on appeal, so the court of appeals may deem it forfeited. The government acquiesced in a remand for further proceedings, however, because it thought the court of appeals was "best-positioned . . . to determine in the first instance whether [Replogle] forfeited his *Tapia*-related argument for appeal and, if not, whether he can satisfy the plain-error standard." Brief for the United States at 16, *Replogle*, 132 S. Ct. 401 (No. 11-5094). The

Supreme Court granted the petition for writ of certiorari, vacated the judgment, and remanded the case to this court for further consideration in light of *Tapia*. *Replogle*, 132 S. Ct. at 401.

Having considered the supplemental briefs of the parties that were filed after remand, we conclude that Replogle is not entitled to relief based on *Tapia*. First, Replogle did not raise an argument in this court based on 18 U.S.C. § 3582(a) until his petition for rehearing filed on February 8, 2011, after this court's decision on the appeal. In his opening brief and reply brief, Replogle argued only (1) that the district court clearly erred by applying adjustments under USSG §§ 3C1.1 and 3A1.1(b)(1), (2) that the district court committed procedural error by failing to address the mandate of 18 U.S.C. § 3553(a) to impose a sentence that is "not greater than necessary" to serve the goals of § 3553(a)(2), or to explain adequately why a sentence less than 360 months' imprisonment did not meet those goals, and (3) that the sentence of 360 months was substantively unreasonable because the district court punished Replogle for symptoms of mental disorders, granted no mitigating weight to Replogle's oppressive childhood, and made an error in judgment that Replogle's behavior and criminal history established an inability to conform to societal norms.

"Panel rehearing is not a vehicle for presenting new arguments, and we do not ordinarily consider arguments raised for the first time in a petition for rehearing." *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 993 (8th Cir. 2010). The panel's summary denial of Replogle's petition for rehearing was not a decision on the merits of his new argument based on § 3582(a) and the then-pending *Tapia* case. While this court has discretion to consider an argument raised for the first time on a petition for rehearing in some circumstances, *e.g.*, *United States v. Lucas*, 499 F.3d 769, 779 n.5 (8th Cir. 2007) (en banc); *Warren v. City of Lincoln*, 864 F.2d 1436, 1439 (8th Cir. 1989) (en banc) (plurality opinion), we see no compelling reason to do so in this case.

Second, Replogle cannot meet the plain-error standard for relief in any event. Replogle never objected at sentencing on the ground that the district court used imprisonment as a means of promoting correction and rehabilitation. The record does not show that the district court made such a mistake. Viewed in context, the court's remarks are consistent with the Supreme Court's observation in *Tapia* that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." 131 S. Ct. at 2392.

Replogle complains that the sentencing court said during the hearing that "one of the elements of sentencing . . . is to make sure you get the treatment and training and education necessary to help you to go forward." S. Tr. 13. This comment is not objectionable on its face: the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" is indeed one of the factors that a district court must consider in determining the particular sentence to be imposed. 18 U.S.C. § 3553(a)(2)(D). In context, moreover, the record shows that the district court was responding to Replogle's assertion that he was "more in the handicapped situation as far as learning and things" than the victim in the case. S. Tr. 13. The court informed Replogle that "we need to provide services to you in the long run to address the issues that you've just raised," but explained that "they are not relevant to this proceeding, in that we've already had a hearing and already made a determination that you're competent to proceed." *Id*. The court made no statement that the term of 360 months, as opposed to a shorter term, was imposed for the purpose of facilitating treatment, training, and education. *See United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011).

Replogle also points to the court's statement that "perhaps" Replogle's situation—his "total disconnect between reality and his inability to conduct himself in a manner that allows him to be a part of society"—could "be treated better somewhere else," but that the court lacked the tools to do so. S. Tr. 34-35. This

remark is not in our view a statement that the court would impose a lengthier term of imprisonment in order to foster Replogle's rehabilitation. It followed on the heels of the district court's statements that Replogle's offense conduct caused the court "great concern," that "deterrence and respect for the law are of great . . . concern to the court," and that "protecting the public is probably one of the greatest factors I'm considering at this moment." *Id.* at 33-34. When asked later to articulate exactly why it imposed a sentence of 360 months, the court explained that Replogle "continued to violate the law, preying on vulnerable victims," while convincing himself that he did nothing inappropriate. *Id*. at 42. The court concluded: "He's continued to believe that and espoused those beliefs here today, and I think that this sentence is the only sentence that I should have considered, and to protect the public and provide deterrence, and that's why I did what I did." *Id*. Deterrence, respect for the law, and protection of the public were the dominant factors in the district court's analysis. We are not convinced that the court's fleeting reference to whether Replogle might be "treated better somewhere else" demonstrates an obvious violation of § 3582(a) and the holding of *Tapia*. *See Pickar*, 666 F.3d at 1169-70.

This court's opinion of January 11, 2011, remains in force, and the judgment of the district court is affirmed.

_____