# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3333

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Colt Matthew Taylor, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 18, 2012
Filed:   June 5, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Colt Matthew Taylor was sentenced to 24 months in prison after he admitted to violating two conditions of his supervised release.  Taylor appeals his sentence arguing that the district court violated Tapia v. United States, 131 S. Ct. 2382 (2011), by imposing a prison sentence for the purpose of allowing him to participate in a drug treatment program.  We vacate the sentence and remand.

Taylor was originally sentenced to 42 months in prison and 3 years of supervised release for possession with intent to distribute less than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841.  After Taylor was released from

prison, he admitted to violating a condition of his supervised release by using methamphetamine. He was sentenced to an additional 6 months in prison and 30 months of supervised release. The district court ordered that as a new condition of his supervised release Taylor was required to reside in a particular residential facility for 120 days after serving his prison sentence.

When Taylor was again released from prison, he failed to report to the assigned facility and later admitted to his probation officer that he had consumed alcohol in violation of his conditions of release. The probation officer filed a petition for warrant or summons for offender under supervision, and Taylor was arrested. He admitted to the petition's allegations and proceeded to sentencing. While the advisory guideline range for his violations was 6 to 12 months in prison, U.S.S.G. § 7B1.4(a), the probation office recommended a 24 month sentence with no additional supervision upon release from prison.

Before sentencing Taylor, the district court listened to allocution and conferred with the probation officer. It then stated that "we keep trying to work with [Taylor] and he doesn't work with us . . . and when it finally becomes apparent that something serious is going to happen, then all of a sudden he says he's going to do certain things. And we don't have the type of history that I feel comfortable that he'll live up to his commitment." In sentencing Taylor to 24 months in prison with no additional supervised release, the district court stated that it was "using that number because that makes him eligible to participate in the 500-hour drug program available in the Bureau of Prisons."

Taylor appeals, arguing that the district court violated Tapia, 131 S. Ct. at 2392, by imposing or lengthening his prison sentence to enable him to complete a treatment program. The Supreme Court ruled in Tapia that a sentencing court may not "select[] the length of the sentence" to ensure completion of a rehabilitation program. Id. at 2392.

We agree with those circuit courts which have concluded that Tapia applies upon revocation of supervised release as well as at an initial sentencing. See, e.g., United States v. Grant, 664 F.3d 276, 282 (9th Cir. 2011). As Justice Souter explained in United States v. Molignaro, 649 F.3d 1, 5 (1st Cir. 2011), there is no "hint in the Court's exposition" that the prohibition on imposing or lengthening a sentence for rehabilitation purposes would not extend to "resentencing after violation of release conditions." While the Fifth Circuit suggested otherwise in United States v. Breland, 647 F.3d 284, 291 (5th Cir. 2011), the Supreme Court granted certiorari in that case and vacated the judgment after the Solicitor General agreed that Tapia does apply to revocation of release sentencings. See Breland v. United States, 132 S. Ct. 1096 (2012).

Since Taylor failed to object to the district court's reference to rehabilitation when imposing his prison sentence, our review is for plain error. See United States v. Smith, 573 F.3d 639, 659 (8th Cir. 2009). Taylor must thus show that the district court committed error, that the error was plain, and that the plain error affected his substantial rights. See United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009). If these factors are met, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. An error affects a substantial right if it is prejudicial, United States v. Olano, 507 U.S. 725, 734 (1993), that is if there is a reasonable probability the defendant would have received a lighter sentence but for the error. United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc).

The district court plainly erred when it sentenced Taylor to 24 months while "using that number because that makes him eligible to participate in the 500-hour drug program available in the Bureau of Prisons." Its statements were similar to those found to be plainly erroneous in United States v. Cordery, 656 F.3d 1103, 1105 (10th Cir. 2011), where the district court stated that the defendant "needs a sentence of at least 56 months" so that he could successfully complete a rehabilitation program. We have similarly vacated a defendant's sentence and remanded under a plain error

-3-

standard in <u>United States v. Olson</u>, 667 F.3d 958, 961 (8th Cir. 2012), where the district court may have imposed a particular sentence "in order to enable treatment and promote rehabilitation in a federal institution."

The district court's sentencing pronouncements here are not like those in cases where we found no plain error, for in those cases the sentencing court relied on other factors when imposing a sentence. <u>See</u> <u>United States v. Blackmon</u>, 662 F.3d 981, 987 (8th Cir. 2011); <u>United States v. Werlein</u>, 664 F.3d 1143, 1147 (8th Cir. 2011). Here, the district court chose Taylor's sentence for the specific reason to ensure that he could participate in a particular drug treatment program and that was plain error under <u>Tapia</u>.

The district court's error affected Taylor's substantial rights in a manner that seriously affected the fairness, integrity, or public reputation of judicial proceedings. We cannot know what sentence the district court might have imposed if it had notice of <u>Tapia</u> before sentencing. Since the advisory guideline range was 6 to 12 months, U.S.S.G. § 7B1.4(a), it is reasonable to assume that the district court may have imposed a lesser sentence if it had not focused on a particular drug treatment program within a federal institution. <u>See</u> <u>Cordery</u>, 656 F.3d at 1108. The district court's sentence thus affected Taylor's substantial rights.

Accordingly, we vacate Taylor's sentence and remand for resentencing consistent with <u>Tapia</u>.

_____