# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2900

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Douglas Althage

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2012
Filed: August 8, 2012
[Unpublished]

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, Mark Althage was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Because Althage's advisory guideline range of 135-168 months' imprisonment exceeded the statutory

maximum penalty of 120 months, the district court[1] determined that 120 months was the advisory guideline sentence. *See* USSG § 5G1.1(a). The court then varied downward, sentencing Althage to 96 months' imprisonment and eight years of supervised release. On appeal, Althage challenges the substantive reasonableness of his sentence. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Althage complains that USSG § 2G2.2, which governs possessing material involving the sexual exploitation of a minor, is the product of congressional mandate rather than the Sentencing Commission's reliance on national experience and empirical data. He argues that the sentence imposed in this case was unreasonable, because the district court used the advisory guideline range as an "anchor" from which to vary downward. Because Althage views § 2G2.2 as arbitrary and irrational, he appears to suggest that a district court errs by giving any weight to the advisory range, even if the court imposes a sentence below that range.

This court has rejected the premise of Althage's position. We presume that a sentence within the advisory range is reasonable, *United States v. Barron*, 557 F.3d 866, 870 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007), and that presumption applies even when a guideline results from congressional directive. *See United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam); *United States v. Kiderlen*, 569 F.3d 358, 369 (8th Cir. 2009). The presumption of reasonableness approved in *Rita* recognized "the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." 551 U.S. at 350-51. This court has said that "in the real-world circumstance where a sentencing judge agrees with Congress, then the resulting

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

sentence is also probably within the range of reasonableness." *Kiderlen*, 569 F.3d at 369. We also have concluded that when a district court imposes a sentence *below* the presumptively reasonable guideline range, then it is "nearly inconceivable" for such a sentence to be unreasonably long. *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009). Therefore, that the district court may have considered the sentencing range established by the guidelines for possession of child pornography, as directed by § 3553(a)(4), before varying downward to a term of imprisonment below the advisory range, does not establish an abuse of discretion.

The judgment of the district court is affirmed.

_____