# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1627

_____

United States of America

*Plaintiff - Appellee*

v.

Raymond Scott Standafer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 18, 2012
Filed: January 15, 2013

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Raymond Standafer, through a plea agreement, pleaded guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). In calculating drug quantity, the district court[1] attributed at least 80 kilograms of marijuana to

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Standafer. The court sentenced him to 33 months in prison. Standafer timely appeals the reasonableness of his sentence. We affirm.

## I. *Background*

Standafer was recruited and paid by another individual to pick up 40 pounds of marijuana for transport from Illinois to Iowa. Standafer knew of the drug conspiracy to distribute 20–40 pounds of marijuana per month. Another member of the conspiracy supplied him with several ounces of marijuana per week to sell. This member also received payments from Standafer for drug debts for other members of the conspiracy through this individual. Other members of the conspiracy transported 80 pounds of marijuana from Illinois to Iowa. Standafer admittedly joined in the agreement to distribute marijuana knowingly, intentionally, and voluntarily.

Standafer and others were indicted for conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He entered into a plea agreement, which included an acknowledgment that the maximum penalty would be 20 years in prison; a $1,000,000 fine; and a mandatory minimum of three years of supervised release with a $100 special assessment. The plea agreement also stated that the court would determine Standafer's sentence based on the 2011 United States Sentencing Guidelines. It also noted that the court would consider that the conspiracy involved at least 180 pounds of marijuana, Standafer's criminal conduct, his criminal history, and his acceptance of responsibility. The agreement further stated that the court could vary from the Guidelines up to the maximum in the statute and that the court did not have to accept any factual or legal stipulations agreed to by the parties.

The plea agreement made the following recommendations to the court: Standafer's base offense level under U.S.S.G. § 2D1.1 (2011) would be 24, based on his responsibility for at least 80 but less than 100 kilograms of marijuana; Standafer would receive a two-level offense reduction under U.S.S.G. § 3B1.2 (2011), based on his status as a minor participant in the conspiracy. The government agreed to seek

a three-level acceptance-of-responsibility reduction based on U.S.S.G. § 3E1.1 (2011), contingent on Standafer's cooperation. This resulted in a total offense level of 19. The parties acknowledged that the final sentence was subject to the court's discretion. The government, Standafer, and his attorney signed the plea agreement, which reserved the right of either party to appeal any sentence that the court imposed.

The presentence investigation report (PSR) stated that Standafer had six prior convictions for drug-related offenses, which gave him three criminal history points and a criminal history category of II. The PSR did not make a U.S.S.G. § 3B1.2 adjustment and thus recommended a total offense level of 21. But, utilizing a total offense level of 19 and a criminal history category of II as set forth in the plea agreement, the district court sentenced Standafer to 33 months in prison and three years of supervised release, a sentence at the low end of the resulting Guidelines range of 33 to 41 months. The district court stated that this sentence was based on Standafer's criminal history of drug offenses, family situation (five children under the age of 14), and role in moving and selling the marijuana. Standafer filed a timely notice of appeal.

## II. *Discussion*

On appeal, Standafer admits that the sentence was properly calculated, but he argues that the sentence is substantively unreasonable because it (1) overstates his culpability; (2) understates his personal characteristics, including his "exceptional" parental status, steady employment, and drug use cessation; (3) does not give enough weight to Standafer's minor role; and (4) does not adequately consider the disparity between his sentence and that of a codefendant that received 30 months despite being the major drug transporter involved in the conspiracy. Standafer also contends that a presumption of reasonableness should not apply in this case because the controlled substance guidelines are based on congressional mandates and not on empirical data.

We first consider sentencing procedural errors, such as failing to consider the § 3553(a) factors or failing to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We then consider whether the sentence is substantively reasonable, applying an abuse of discretion standard, taking into account the totality of the circumstances. *Id*. The sentencing court abuses its discretion if it fails to consider relevant factors or improperly weighs them. *United States v. Hull*, 646 F.3d 583, 588 (8th Cir. 2011). When calculating a defendant's sentence in a drug conspiracy, the court may consider all drug quantities known or reasonably forseeable to the defendant as part of the conspiracy. *United States v. Payton*, 636 F.3d 1027, 1046 (8th Cir. 2011).

We apply a presumption of reasonableness to sentences within the Guidelines range, "even if the sentence is derived from a guideline that was 'the product of congressional direction rather than [an] empirical approach.'" *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (alteration in original) (quoting *United States v. Kiderlen*, 569 F.3d 358, 369 (8th Cir. 2009)).

Here, the district court imposed a sentence that was within the Guidelines range and thus can be presumed reasonable. *United States v. Wilder*, 597 F.3d 936, 945 (8th Cir. 2010)*. As in *Werlein,* we reject appellant's argument challenging the validity of guidelines that are based on congressional mandates rather than empirical studies. *See* 664 F.3d at 1146. The court below explicitly considered the § 3553(a) factors such as Standafer's involvement with the conspiracy and his personal background. The court considered his parental involvement with his five children, but it also noted that Standafer has repeatedly been prosecuted for drug-related offenses over the past 15 years, receiving six convictions. Given Standafer's work in transporting the drugs, he could have reasonably foreseen the transport of the entire 180 pounds of marijuana. Under *Payton,* the court may consider this knowledge in calculating the Guidelines range.

Finally, Standafer's sentence does not reflect an unwarranted disparity in relation to one of his codefendants, whom he considered more culpable. The other defendant was not similarly situated. *See* § 3553(a)(6). His shorter sentence reflected his minimal criminal history, which had garnered him zero criminal history points unlike Standafer, who had three criminal history points.

The district court properly calculated the Guidelines range, considered all relevant sentencing factors, and chose a sentence at the low end of the appropriate advisory Guidelines range. Standafer has not shown this sentence to be substantively unreasonable.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____