# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1045

_____

United States of America

*Plaintiff - Appellee*

v.

Vincent Packineau

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: August 2, 2106
Filed: August 11, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Vincent Packineau directly appeals his sentence of 11 months upon the revocation of his supervised release. At the revocation and sentencing hearing, the district court indicated that the length of Packineau's prison term was chosen to optimize his mental health treatment while in custody. Packineau appeals the district court's decision to extend his sentence to promote rehabilitation.

We review for plain error because Packineau failed to object to the district court's reference to rehabilitation. United States v. Taylor, 679 F.3d 1005, 1007 (8th Cir. 2012). On appeal, the parties agree that the district court committed plain error under Tapia v. United States, 564 U.S. 319, 330–35 (2011) (federal court may not impose or lengthen prison term to promote offender's rehabilitation). The government correctly notes that the district court "cannot be faulted for this error," because both parties referred to Packineau's mental health in their recommendations to the court and Packineau personally requested that the court place him in a mental health facility. Nonetheless, after careful review we conclude that Tapia requires resentencing in this case. See Taylor, 679 F.3d at 1006–07 (Tapia applies upon revocation of supervised release). Accordingly, we vacate Packineau's revocation sentence and remand the case for resentencing.

_____