## United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3396

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Allen Banes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: June 5, 2017
Filed: June 26, 2017
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After revoking Mark Allen Banes's term of supervised release in August 2016, the district court[1] sentenced him to 18 months' imprisonment and 5 years' supervised

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

release.  Banes appeals, arguing that the district court violated the holding in Tapia v. United States, 564 U.S. 319, 335 (2011), which says that a court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."

Banes pleaded guilty to failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act.  See 18 U.S.C. § 2250.  He was sentenced to 60 months of probation in August 2011.  The district court revoked Banes's probation in September 2015, following Banes's unapproved contact with minors and his viewing pornography.  The court imposed a sentence of time served and 5 years' supervised release.  Banes almost immediately violated certain GPS monitoring procedures and failed to answer truthfully to the probation office.  The district court revoked Banes's term of supervised release and sentenced Banes to 6 months' imprisonment and 5 years' supervised release.

Banes violated the conditions of his supervised release again in 2016.  He admitted to the following violations:  lying to a probation officer, using the Internet and having an unauthorized electronic device, having unapproved contact with minors, failing to comply with the rules of the Iowa sex offender registry, and associating with a known felon.  Banes's advisory sentencing range under § 7B1.4(a) of the United States Sentencing Guidelines was 12 to 18 months' imprisonment.  As set forth above, the district court imposed an 18-month term of imprisonment and a 5-year term of supervised release.

Banes argued during the revocation hearing that any further imprisonment or supervised release would not serve to rehabilitate him and asked that he be sentenced at most to one year of supervised release.  The government sought a term of imprisonment at "the high end of the guideline range" and 5 years of supervised release, arguing that Banes posed a threat to the community and that his repeated violations of the conditions of his release were flagrant.

After finding that Banes had violated five conditions of supervised release, the district court stated:

> The court is concerned about the safety of the community as well as the repetitious violations that the defendant has engaged in. I think the defendant needs to be punished for his violations of supervised release. I think he's also in need of additional educational and medical treatment that 3553(a) talks about.

In response to Banes's Tapia-based objection, the district court set forth its understanding that Tapia forbade it from imprisoning Banes "because of his need for rehabilitation," but that 18 U.S.C. § 3553(a) permitted the court to "take into account his need for that." After considering Banes's further comment, the court ultimately concluded, "I'm not incarcerating him because of the Tapia matter. I think he needs to be punished, and I think he's a threat to the community, and that's the reason for the incarceration. I think while he's incarcerated he may well get his needs taken care of."

When read in the fullness of its context, the district court's explanation belies Banes's contention that the court lengthened Banes's term of imprisonment in order to enable Banes to complete a treatment program or otherwise promote his rehabilitation. See United States v. Holdsworth, 830 F.3d 779, 784-85 (8th Cir. 2016) (reviewing for plain error, considering the context in which the disputed statements were made, and concluding that any comments about treatment did not indicate that the court imposed a lengthier term of imprisonment in order to foster the defendant's rehabilitation); United States v. Replogle, 678 F.3d 940, 943 (8th Cir. 2012) (same); United States v. Werlien, 664 F.3d 1143, 1147 (8th Cir. 2011) (per curiam) (same); United States v. Blackmon, 662 F.3d 981, 987 (8th Cir. 2011) (same).

The judgment is affirmed.

_____