# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2359
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Dale Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 17, 2025
Filed: July 24, 2025

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

SMITH, Circuit Judge.

Rodney Dale Smith appeals his sentence of 37 months' imprisonment, arguing that the district court plainly erred by fashioning the length of his sentence to provide rehabilitation opportunities, in violation of *Tapia v. United States*, 564 U.S. 319 (2011). We agree and reverse.

## I. *Background*

On February 19, 2023, law enforcement received a call reporting a vehicle in the middle of the roadway with a driver "slumped over the steering wheel." R. Doc. 30, at 4. When officers arrived, Smith, the driver, told officers that he had run out of gas and was waiting for help from his father. The officers ran his identification and determined that he had a suspended driver's license. Smith was subsequently arrested for driving with a suspended license. The officers called for a tow service to remove Smith's vehicle from the road, and the officers conducted an inventory search of the vehicle prior to its removal. The search revealed a brown bag containing a glass smoking pipe and a functional pipe bomb.[1] Smith was subsequently charged with, and pleaded guilty to, possession of an unregistered firearm (a destructive device as defined in 26 U.S.C. § 5845(a) and (f)), in violation of 26 U.S.C. § 5861(d).

At sentencing, the district court calculated Smith's total offense level to be 19, and based on his criminal record, placed him in criminal history category III. Smith's Guidelines range was 37 to 46 months' imprisonment. The government requested a sentence of 36 months' imprisonment and 3 years' supervised release based on Smith's criminal history and his prior arrests for felony offenses that did not result in any convictions. Defense counsel requested a sentence of 18 months imprisonment and 3 years' supervised release, emphasizing Smith's drug addiction, his need for treatment, and his family support. Defense counsel requested that the court recommend Smith for the Residential Drug Abuse Program (RDAP) and communicated that Smith "plan[ned] to participate in the RDAP program while in prison." R. Doc. 41, at 6. Defense counsel argued that Smith only had one prior felony conviction and that it would be "inappropriate to consider an arrest that has not resulted in conviction." *Id*. The district court agreed.

---

[1]The pipe bomb was "a white PVC pipe, approximately 7 inches long and half of an inch in diameter, with caps on both ends and a fuse coming out of one end." *Id.* After proper dismantling and testing, the laboratory officials "determined that the device was operational and would explode if the fuse had been lit." *Id.*

After hearing argument from both sides, the district court stated that it had "considered the advisory [G]uidelines and the [18 U.S.C. §] 3553 factors." *Id.* at 7. The district court focused on Smith's "long-running meth addiction . . . that led [him] to make stupid choices and . . . led [him] to have a pipe bomb." *Id.* at 7–8. The court reasoned that Smith was "going to need a whole lot of help to go on this different path." *Id.* at 8. From there, the court noted that it had read the letters of support for Smith and acknowledged that "[a]ll of that can be true that you're a good person, that you have talent, you have intelligence, and you have an enormous addiction, and so I've got to try to figure all that out." *Id.* Then, the district court said:

> Literally last week I was talking to a lawyer for the BOP [Bureau of Prisons], and part of that is going to inform this decision because I think you desperately need to participate when you get to the BOP in something called a Nonresidential Drug Program, non-RDAP. . . . And I think you do need to do RDAP. And then I think you need to come out and spend a whole heck of a lot of time focused on how to deal with this issue.

*Id.* at 8–9. Immediately after making this statement, the district court imposed a sentence of 37 months' imprisonment. After explaining Smith's right to appeal his sentence, the court made the following statement: "I picked out 37 months because you need about 28 months, they tell me, to 30 months to be able to get into RDAP and to complete the program and go through it. So that's informing my decision as well." *Id.* at 10. Smith made no objections to the court's statement or the sentence. Smith appeals his sentence.

## II. *Discussion*

On appeal, Smith alleges that the district court improperly based the length of his custodial sentence on his need for rehabilitation, in violation of *Tapia*. *See* 564 U.S. at 335 (holding that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation"); *see also* 18 U.S.C. § 3582(a) ("[I]mprisonment is not an appropriate means of promoting correction and rehabilitation."). Because Smith did not raise the

*Tapia* error at his sentencing, we review for plain error. *See United States v. Smith*, 29 F.4th 397, 398 (8th Cir. 2022) (per curiam). "Plain error requires an error, that was clear or obvious, affected substantial rights, and seriously affects the 'fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Barthman*, 919 F.3d 1118, 1121 (8th Cir. 2019)). "An error affects a substantial right if it is prejudicial, that is if there is a reasonable probability the defendant would have received a lighter sentence but for the error." *United States v. Taylor*, 679 F.3d 1005, 1007 (8th Cir. 2012) (citation omitted).

In *Tapia*, the Supreme Court held that "[§] 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." 564 U.S. at 332. "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 334. However, a court that "calculate[s] the length of [the defendant's] sentence to ensure that [he] receive[s] certain rehabilitative services" goes beyond a mere recommendation and runs afoul of *Tapia*. *Id.* at 334–35. The Supreme Court remanded Tapia's case to the Ninth Circuit to evaluate her claim under plain error review. *Id.* at 335. The Ninth Circuit, upon remand, held that the district court's error substantially affected Tapia's rights because she established that "[t]he perceived need for time to ensure rehabilitative treatment was undoubtedly a factor in the district judge's determination of the length of [her] sentence." *United States v. Tapia*, 665 F.3d 1059, 1062 (9th Cir. 2011). Moreover, the Ninth Circuit reasoned that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings" because "the sentencing court committed a legal error that may have increased the length of a defendant's sentence." *Id.* at 1063 (internal quotation marks omitted).

In our circuit, we have been hesitant to find *Tapia* violations when a district court makes fleeting references to rehabilitation and otherwise imposes a sentence based on other § 3553(a) factors like deterrence, protection of the public, respect for the law, and the nature of the offense. *See Smith*, 29 F.4th at 398–99 (finding no *Tapia* violation when the district court made clear it was imposing the sentence

-4-

notwithstanding the treatment options and because the defendant posed a danger to the community); *United States v. Holdsworth*, 830 F.3d 779, 785 (8th Cir. 2016) (finding no *Tapia* violation when the district court's references to treatment were made in the context of recidivism and it repeatedly focused on deterrence and protection of the public because of the defendant's criminal history); *United States v. Replogle*, 678 F.3d 940, 943 (8th Cir. 2012) (finding no *Tapia* violation when the district court imposed imprisonment term immediately after discussing the offense conduct and the need for deterrence and protecting the public from the defendant); *United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) (per curiam) (finding no *Tapia* violation when the district court discussed rehabilitation in context of the defendant's arguments and focused on the defendant's high risk of recidivism and need to protect the public because of the egregiousness of the defendant's conduct); *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011) (finding no *Tapia* violation when the district court imposed the sentence after emphasizing that the defendant had repeatedly committed crimes even after having served a lengthy state sentence); *United States v. Miller*, 34 F.4th 663, 665 (8th Cir. 2022) (per curiam) (finding no *Tapia* violation when the district court referenced the probation officer's recommendation as "well thought out" and otherwise sentenced the defendant in light of his criminal history and repeated violations of the terms of his supervised release).

However, we have found a *Tapia* violation on plain error review when the record makes clear that the district court calculated its sentence based on the need for rehabilitation, and its decision was not otherwise supported by the § 3553(a) factors. *See Taylor*, 679 F.3d at 1007. In *Taylor*, the district court sentenced the defendant above his Guidelines range and reasoned that it was "using that number because that makes him eligible to participate in the 500-hour drug program available in the Bureau of Prisons." *Id.* at 1006 (internal quotation marks omitted). We held that this was plain error because the district court "may have imposed a particular sentence 'in order to enable treatment and promote rehabilitation in a federal institution.'" *Id.* at 1007 (quoting *United States v. Olson*, 667 F.3d 958, 961 (8th Cir. 2012)). We reasoned that *Taylor* was distinguishable from our other

precedents because "in those cases the sentencing court relied on other factors when imposing a sentence." *Id.*; *see also Olson*, 667 F.3d at 961–62 (remanding for resentencing upon a violation of *Tapia* when the district court imposed the top of the Guidelines range "to ensure that Olson could receive meaningful treatment in the federal prison system" (internal quotation marks omitted)).

Here, the district court's statements are more than "fleeting reference[s]" to rehabilitation. *See Replogle*, 678 F.3d at 943. Moreover, unlike our other cases, the district court's sentence is not otherwise supported by its discussion of the § 3553(a) factors. In fact, the brief sentencing transcript focuses on Smith's substance addiction and the district court's concern for his rehabilitation. The court did not discuss "the need for deterrence and protection of the public," *see Holdsworth*, 830 F.3d at 785, or "respect for the law," *see Replogle*, 678 F.3d at 943. The district court did not mention the defendant's criminal history and even "concur[red]," R. Doc. 41, at 6, with Smith's argument that it should not consider his previous arrests that did not result in convictions. The only time that the district court mentioned a § 3553(a) factor in its discussion was at the very beginning when it mentioned "the nature and circumstances of the offense" as being "the crime of possession of an unregistered firearm, i.e., a pipe bomb." *Id.* at 7. However, the court's discussion ended there. The court did not discuss the severity of the crime, its inherent dangerousness, or the threat that Smith posed to the community. *See Werlein*, 664 F.3d at 1147.

Instead, it immediately pointed to Smith's "long-running meth addiction . . . that led [him] to make stupid choices and . . . led [him] to have a pipe bomb." R. Doc. 41, at 7–8. From there, it continued to focus on Smith's addiction and reiterated that he is "going to need a whole lot of help" to recover. *Id.* at 8. The court specified the help it had in mind when it mentioned a recent conversation with a BOP lawyer "that [was] going to inform [its] decision." *Id.* at 9. The district court emphasized that it believed Smith "desperately need[ed] to participate" in the RDAP programming while imprisoned. *Id.* Lastly, and most importantly, the court explained that it "*picked out* 37 months because you need about 28 months, they tell

me, to 30 months to be able to get into RDAP and to complete the program and go through it." *Id.* at 10 (emphasis added).

These references to rehabilitation, unlike our previous precedents, are not ambiguous or fleeting. *See Miller*, 34 F.4th at 665 (finding no *Tapia* violation when the district court briefly referenced the probation officer's recommendation for treatment as "well thought out"); *Holdsworth*, 830 F.3d at 785 (finding no *Tapia* violation when the district court briefly referenced the defendant's "need for treatment" in imposing the sentence); *Werlein*, 664 F.3d at 1145 (finding no *Tapia* violation when district court referenced the need for treatment in the context of explaining the defendant's risk to public safety); *Blackmon*, 662 F.3d at 987 (finding no *Tapia* violation when district court referenced defense counsel's misstatement that a 36-month sentence would allow the defendant to complete treatment).

Viewing the sentencing transcript in its entirety, the district court repeatedly focused on Smith's addiction and need for treatment. The court expressly linked Smith's need to complete a rehabilitation program with the length of the sentence it selected. "Here, the district court chose [Smith's] sentence . . . to ensure that he could participate in a particular drug treatment program and that was plain error under *Tapia*." *Taylor*, 679 F.3d at 1007.

The district court's error affected Smith's substantial rights in a manner that seriously affected the fairness, integrity, or public reputation of judicial proceedings. Smith met his burden to demonstrate that he would have received a different sentence absent the *Tapia* error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (holding that plain *Tapia* error affected the defendant's substantial rights even when the district court imposed a below-Guidelines sentence because "the district court's repeated emphasis" on rehabilitation "was sufficient to undermine our confidence that the district court would have imposed the same sentence absent the error"); *see also United States v. Luper*, No. 20-12670, 2021 WL 5095763, at *2 (11th Cir. Nov. 2, 2021) (unpublished per curiam) (holding that *Tapia* error affected the defendant's substantial rights even when the district court

imposed a below-Guidelines sentence because "rehabilitation was the primary concern and driving force behind his sentence").

### III. *Conclusion*

Accordingly, we vacate Smith's sentence and remand for resentencing consistent with *Tapia*.

_____