**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALLEN JAMES BULLOCK,

Defendant - Appellant.

No. 25-6003
(D.C. No. 5:24-CR-00005-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **LUCERO**, and **BACHARACH**, Circuit Judge.

_____

This appeal grew out of a prison sentence. At sentencing, the district

court needed to consider certain statutory factors, including the need to

provide treatment. 18 U.S.C. § 3553(a)(2)(D). But the court couldn't try to

ensure treatment by lengthening the prison term. _Tapia v. United States_,

564 U.S. 319, 332 (2011). The issue here is whether the district court

improperly lengthened a prison term in order to provide treatment.

---

[*]     Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. _See_ Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But the
order and judgment may be cited for its persuasive value if otherwise
appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1. **The district court refers to a need for treatment when explaining the sentence.**

The conviction involved arson and interstate transmission of a threatening communication. 18 U.S.C. §§ 844(i), 875(c). These crimes grew out of the defendant's threat and setting of a fire when he learned that his girlfriend had received a shirt from a male coworker.[1]

At sentencing, defense counsel recognized the inevitability of a prison term, but urged a downward variance based in part on the defendant's need for classes or therapy. R. vol. 3 at 484. The district court addressed this need, but varied upward rather than downward. In explaining the upward variance, the court

- addressed the defendant's extensive criminal history, the seriousness of the crimes, and defense counsel's argument about the need for classes or therapy and

- acknowledged that the defendant would benefit from vocational training, substance abuse treatment, and treatment for trauma experienced in his youth.

*Id.* at 489–92. After discussing the pertinent factors, the court imposed concurrent prison terms of five and ten years. *Id.* at 497.

2. **The district court didn't plainly err.**

The defendant argues that the district court improperly lengthened the sentence in order to provide treatment. But the defendant forfeited this

---

[1]    The shirt referred to a football team (the Dallas Cowboys); the defendant implies that he reacted negatively out of zeal for a rival football team rather than jealousy.

argument by failing to raise it in district court. We can consider the argument, but only under the plain-error standard. *United States v. Doe*, 154 F.4th 777, 783 (10th Cir. 2025). Under this standard, the defendant must show not only that the district court had erred, but also that the error was obvious and affected a substantial right. *Id.*

a.    **Obviousness of a possible error**

We conclude that the district court didn't commit an obvious error in discussing treatment. The court did state that it had considered the need for treatment; but federal law required consideration of the need for treatment. *See* 18 U.S.C. § 3553(a)(2)(D) (stating that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); *see also* p. 1, above. Granted, the court couldn't go further and lengthen the prison term in order to provide treatment. *See Tapia v. United States*, 564 U.S. 319, 332 (2011).  But the court didn't say that it was lengthening the prison term in order to provide for treatment.

To evaluate the obviousness of the alleged error, we must consider the context of the district court's statements. *See United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) (considering the context of the district court's statements about treatment). At sentencing, defense counsel argued that the defendant

3

- needed dental and medical care,

- had not obtained help with rehabilitation during past prison terms, and

- needed some form of classes or therapy in a prison term.

The court agreed that the defendant would benefit from vocational training and treatment for substance abuse and past trauma. So the district court included treatment during supervised release and in recommendations to the Bureau of Prisons for its supervision of the prison term.[2] But the court took a different approach in explaining why it was varying upward, stating twice that "incarceration is not a means of promoting incarceration or rehabilitation." R. vol. 3 at 493–94, 496–97.[3]

---

[2]    The conditions of supervised release included aftercare for substance abuse. When the defendant was in prison, the recommended programs included

- treatment and education as to drug abuse,

- protocols for cognitive behavioral therapy,

- occupational training,

- training, and

- post-secondary education.

R. vol. 1 at 240, 243.

[3]    After the first reference, the court stated that it was considering treatment in the "sentencing decision." R. vol. 3 at 493–94. The defendant argues that this statement shows reliance on treatment to set the prison term rather than the terms of supervised release. At most, the statement shows

The defendant points out that the written judgment contains a statement of reasons, which had three boxes checked to explain the upward variance:

1.   "To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))."

2.   "To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))."

3.   "To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))."

R. vol. 2 at 95. But we have held that the district court didn't err when checking a box "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *United States v. Naramor*, 726 F.3d 1160, 1170–71 (10th Cir. 2013). There we relied in part on the contrary language in the sentencing itself. *Id.* Here too the district court explained the variance at the sentencing, and the boxes on the form didn't render a possible error obvious.

---

ambiguity because it's prefaced by recognition that "incarceration is not a means of promoting incarceration or rehabilitation." Id. at 493–94. And an ambiguous explanation can't constitute plain error. *See United States v. Lemon*, 777 F.3d 170, 175 (4th Cir. 2015) (stating that the district court's ambiguous discussion of the defendant's rehabilitative needs does not constitute plain error); *United States v. Holman*, 840 F.3d 347, 355 (7th Cir. 2016) (stating that the district court's ambiguous statements about the defendant's opportunities for addiction treatment in prison don't constitute plain error).

If the district court had erred, the error would not have been obvious based on the explanation at sentencing and the written statement of reasons on the judgment form.

b.    **Effect on substantial rights**

Nor did the discussion affect the defendant's substantial rights. Though defense counsel expressed the need for treatment, the defendant had an extensive criminal history, which included two convictions for second-degree robbery and two convictions for carrying or possessing firearms. The court explained that it was relying not only on the defendant's violent past, but also on the seriousness of the crimes, the impact of the arson and threat against the victims, and the need to promote respect for the law and protect the public by incapacitating the defendant. We have little reason to speculate that the court would have given a milder sentence without the discussion of treatment.

* * *

We conclude that the district court's discussion about treatment didn't constitute an obvious error or affect the defendant's substantial

rights. Given these conclusions, we affirm the sentence under the plain-error standard.

Entered for the Court


Robert E. Bacharach
Circuit Judge