# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

Lyle W. Cayce
Clerk

No. 11-10627

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIE ANN RECESKEY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
4:09-CR-42-1

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Julie Ann Receskey ("Receskey") appeals her revocation sentence because she contends the length of her sentence was impermissibly based on the court's perception of her rehabilitative needs in violation of *Tapia v. United States*, 131 S. Ct. 2382 (2011). The district court sentenced Receskey to 30 months of imprisonment upon revocation of her supervised release, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was above the recommended guideline range. Receskey challenges the reasonableness of that sentence, arguing that the district court imposed it for the sole purpose of allowing her to participate in available drug treatment programs. We conclude that while the district court discussed opportunities for rehabilitation, it did not base Receskey's sentence or lengthen the sentence for rehabilitative purposes and that the sentence is not plainly unreasonable. We therefore affirm.

I.

Receskey pled guilty to possession with intent to distribute methamphetamine. The district court sentenced her to 46 months in prison and 5 years of supervised release. Her supervised release began on May 2, 2008. In June of 2011, Receskey's probation officer charged Receskey with multiple violations of the conditions of her supervision, including heroin use and failure to comply with her required inpatient substance abuse and mental health treatment.

The district court held a revocation hearing on June 23, 2011. At the hearing, Receskey pled true to all allegations. Receskey's attorney said that while her problems stemmed from drug addiction, she had shown herself capable of staying off of drugs for long periods and of working successfully at a job. He urged a sentence within the recommended guideline range of 3-9 months. The court engaged Receskey in a discussion of some of her past problems with drugs and the law. It noted the leniency of her 46 month sentence in light of her drug charges and found that despite previous violations of her conditions of release, her release had not been revoked in those instances.

The district court revoked Receskey's supervised release and sentenced her to 30 months in prison and an additional 24 months of supervised release. Due in large part to the fact that the defendant was charged with violating her supervised release because of a number of positive drug tests, counsel's and Receskey's statements focused on her history of drug addiction and her efforts to avoid drugs for extended periods of time. The district court questioned Receskey about her history of drug use and past failed treatment attempts, recited her criminal history and past "lenient" treatment, and noted her violations of the terms of supervised release. The district court then stated:

> I agree that it's a drug problem, it's a bad drug problem, but I've considered the possibility of a sentence within that policy statement range, and I don't think a sentence within that range would begin to adequately and appropriately address the factors the Court should consider under Section 3583(a) of Title 18.[1] To the extent they are applicable in a revocation context, I don't think a sentence of 3 to 9 months would begin to address that.
>
> I'm inclined to think that a sentence of 30 months, followed by a term of supervised release of 24 months, would be a sentence that would adequately and appropriately address the factors the Court should consider in sentencing.
>
> And that would give the Bureau of Prisons time to allow you to participate in the drug treatment program or programs they have available, and I would hope that they would be in the position to give you some assistance in whatever mental problems you might

---

[1] Presumably the district court intended to refer to the § 3553(a) factors here. Because § 3583 refers back to the § 3553(a) factors, it makes little difference.

> have, so I would recommend both of those things, that you be -- your sentence be served in a place where they could provide mental health treatment and drug treatment intervention, and that you be actually permitted to participate in programs for those purposes.

Receskey's counsel objected to the sentence as unreasonable, "particularly to the extent if the sentence is premised on the availability of rehabilitation programs in prison."

## II.

Because Receskey raised this argument before the district court, we apply a "plainly unreasonable" standard when reviewing a sentence of imprisonment imposed upon revocation of supervised release. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). Under that standard, this court must "evaluate whether the district court procedurally erred before [it] consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks omitted). "If a sentence is unreasonable, then we consider whether the error was obvious under existing law." *Id.*

## III.

### A.

Receskey first objects to the use of the "plainly unreasonable" standard exercised by this court when reviewing post-revocation sentences. Receskey concedes this argument is foreclosed and is raised only to preserve the issue. *See id.* She argues that her revocation sentence should instead be reviewed under a "reasonableness" standard. Because this court has held that sentences

imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard, *Id.* ("The 'plainly unreasonable' standard is . . . proper given that the goal of revocation is to punish a defendant for violating the terms of the supervised release."), this contention merits no further discussion.

B.

Receskey argues that her sentence is both unreasonable and plainly unreasonable because the district court erred by considering rehabilitation in arriving at the sentence, in violation of *Tapia v. United States*, 131 S. Ct. 2382 (2011).

The district court may revoke a term of supervised release and impose a maximum prison sentence as allowed by the revocation statute, which in this case was a maximum prison term of 3 years. *See* 18 U.S.C. § 3583(e)(3) (2006). In imposing a revocation sentence, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *See United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994); § 3583(e).

However, in *Tapia*, the Supreme Court held that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 131 S. Ct. at 2393. Because the Government in the instant case concedes that the rule of *Tapia* applies in the revocation context, we assume without deciding that *Tapia* applies and conclude that the district court did not violate *Tapia* in sentencing Receskey.

In *Tapia*, the Supreme Court held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Id.* at 2391. The Court relied on the text of

§ 3582(a), which provides:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in [18 U.S.C. 3553(a)] to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Under that textual direction, the Court explained, "when sentencing an offender to prison, the court shall consider all the purposes of punishment except rehabilitation – because imprisonment is not an appropriate means of pursuing that goal." *Tapia*, 131 S. Ct. at 2389.

*Tapia*, however, made clear that district courts do not err by discussing the rehabilitative opportunities within prison or by urging the Bureau of Prisons ("BOP") to place an offender in a treatment program: "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 2392. Far from error, "a court properly may address a person who is about to begin a prison term about these important matters." *Id.* Finally, the Court explained that a sentencing judge "may urge the BOP to place an offender in a prison treatment program." *Id.* Thus, *Tapia* recognized a distinction between basing or lengthening a sentence on rehabilitative needs and merely discussing opportunities for rehabilitation in prison. Because the district court in *Tapia* suggested that it increased the length of the defendant's prison sentence in order to make her eligible for the 500-hour Residential Drug Abuse Program run by the BOP, the Court remanded the case for further consideration. *Id.* at 2392-93 (noting the district court's language that "the sentence has to be sufficient to provide needed correctional treatment, and here I think the needed correctional treatment is the 500 Hour Drug Program").

In contrast, in *United States v. Teel* this court found that the district court did not commit *Tapia* error during sentencing when "nothing in the record suggest[ed] that the district court actually lengthened [defendant's] sentence based on its consideration of his need of alcohol rehabilitation" and the court did not "reference any specific treatment program in the future that would require lengthening [his] sentence." No. 11-60509, 2012 WL 3324286, at *7 (5th Cir. Aug. 14, 2012). In *United States v. Pickar*, the district court recited a number of reasons for imposing a 150-month sentence including defendant's long criminal record and inability to stay out of jail; defendant was a danger to the public; and, important to our purposes, "I believe that a long sentence is necessary to provide Mr. Pickar with needed care and treatment." 666 F.3d 1167, 1169 (8th Cir.), *cert. denied*, 132 S. Ct 2704 (2012). In affirming the sentence the court concluded that a desire to protect the public and the need for deterrence were the "*dominant* factors in the court's § 3553(a) analysis." *Id.* (emphasis added). Thus while a consideration of rehabilitative needs may have been a secondary concern for the district court, because it was not a dominant factor in sentencing, the Eighth Circuit held that the court did not impermissibly lengthen the defendant's sentence on account of rehabilitation and affirmed the conviction. *See id.* at 1169-70. Similarly, in *United States v. Cardenas-Mireles*, the Tenth Circuit stated that "the question is not merely whether the district court had [defendant's needs] on its mind when it issued his sentence, but whether the court's assessment of [defendant's needs] actually changed the sentence the court would otherwise have imposed." 446 F.App'x 991, 994-95 (10th Cir. 2011). Thus the court found no *Tapia* error when the "district court indicated Cardenas-Mireles's extensive criminal record justified a 96-month sentence,

*independent* of the court's concerns regarding his health" and "Cardenas-Mireles's health was, at best, an *additional* justification, but not a *necessary* justification, for the 96-month sentence." *Id.* at 995 (emphasis in original).

This court has applied *Tapia* to vacate initial sentences that were based on an explicit consideration of a defendant's rehabilitative needs. For example, an above-guidelines sentence was vacated and remanded for resentencing where the district court relied on the need for rehabilitation as evidenced by its statements that the defendant "needs help badly," that the defendant "needs medical care and treatment," and that there was a "compelling . . . need to incarcerate this individual for the treatment that he needs." *United States v. Broussard*, 669 F.3d 537, 552 (5th Cir. 2012) (noticing error sua sponte and applying plain error review). Similarly, in *United States v. Escalante-Reyes* this court, applying plain error review, found that the district court committed *Tapia* error when it stated, inter alia, "Well there's a temper and anger problem here . . . And that's got to be the basis for what good prison will do for this Defendant." No. 11-40632, 2012 WL 3024195, at *5 (5th Cir. July 25, 2012) (en banc). *Accord United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011) (remanding initial sentence under plain error review based on the district court's statement that the defendant "needs a sentence of at least 56 months to be able to successfully complete [the BOP drug] program together with mental health counseling").

Other courts have found no *Tapia* error when the district court merely discussed rehabilitation during a defendant's initial sentencing. *See, e.g.*, *United States v. Gilliard*, 671 F.3d 255, 257-58 (2d Cir. 2012) ("After imposing a term

of 96 months' imprisonment, the district court stated its intent to recommend to the [BOP] that Gilliard be placed close to family and in a facility with effective drug treatment programs."); *United States v. Lucas*, 670 F.3d 784, 795 (7th Cir. 2012) ("[T]he mere mention that Lucas would have the opportunity to take part in rehabilitative programs is not prohibited under *Tapia.*"); *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011) ("[T]he district court never expressed an intention to lengthen Blackmon's sentence for rehabilitative purposes [and] the fact that the district court discussed the BOP's program with Blackmon is not dispositive.").

Cases that have found *Tapia* error in the context of supervised release revocation have featured district courts lengthening a defendant's sentence expressly to make him or her eligible for a BOP treatment program. For example, in *United States v. Grant*, "the judge made it plain that he was giving Grant more time in prison in order to facilitate his [drug and alcohol] rehabilitation." 664 F.3d 276, 278 (9th Cir. 2011). There the district court said, "in talking with [the Bureau of Prisons], in order to get you into the kind of programs we need to get you in, we need at least 24 months. And that's one of the reasons I selected the time." *Id.* at 279 (alteration in original). Likewise, the First Circuit held that *Tapia* error occurred when the district court resentenced with the "objective of tailoring the length of imprisonment to provide adequate time for treatment." *United States v. Molignaro*, 649 F.3d 1, 2 (1st Cir. 2011) (Souter, J. (Ret.), sitting by designation); *see also United States v. Taylor*, 679 F.3d 1005, 1007 (8th Cir. 2012) (finding district court plainly erred by sentencing defendant to 24 months based on district court's statement that it was "using that number because that makes him eligible to participate in the 500-hour drug

program").

Here Receskey contends that the district court erred because it lengthened her sentence based on rehabilitative needs. The court's remarks at sentencing do not support this argument. The court did not base the length of Receskey's sentence on rehabilitative needs; rather it addressed the fact that Receskey had wasted many opportunities, stated its intention to apply the statutory sentencing factors, and then articulated a sentence.  Only after doing so did the court discuss opportunities for rehabilitation and urge Receskey to take advantage of them. Based on the court's discussion, concern over rehabilitation may have been an "additional justification," but it was not a "dominant" factor in the court's analysis. *See Cardenas-Mireles*, 446 F.App'x at 995; *Pickar*, 666 F.3d at 1169.  Unlike *Grant*, *Molignaro*, or *Taylor*, where the court stated it was making the revocation sentence long enough to assure treatment, here the court did not indicate an intention that Receskey's sentence be long enough to allow her to get into any specific drug treatment program and instead merely referenced whatever "program or programs [the BOP has] available." *See Grant*, 664 F.3d at 279;  *Molignaro*, 649 F.3d at 2;  *Taylor*, 679 F.3d at 1007.   Its general comment that it "would hope" Receskey would take advantage of whatever programs the BOP might offer came only *after* it explicitly referenced and considered the statutory factors and was designed to encourage Receskey to take advantage of these programs. Because the district court did not impose or lengthen defendant's prison term for the purpose of making Receskey eligible for any rehabilitative program, it is not plainly unreasonable under *Tapia*.

IV.

For the foregoing reasons, we AFFIRM Receskey's sentence.

Judge Haynes concurs in the judgment only.