**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2012

Lyle W. Cayce
Clerk

No. 11-10982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-14-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Davis appeals the sentence imposed after revocation of his supervised release. Davis argues that his 36-month sentence, which was above the recommended policy statement range of three to nine months, is unreasonable because it does not rely on reasoned legal analysis and because the district court relied on a prohibited sentence factor, his need for rehabilitation for alcohol abuse, to impose or lengthen the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review revocation sentences to determine whether they are plainly unreasonable. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). The record establishes that the court considered the arguments that were presented to it and provided a reasoned basis for the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Accordingly, Davis's argument that the district court failed to give an adequate and reasoned analysis for his sentence is without merit.

Because Davis did not object to the reasonableness of his sentence based upon the district court's references to his alcohol abuse or rehabilitative needs, our review of that issue is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held in a direct criminal appeal that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Even assuming that *Tapia* applies in the revocation context, *see United States v. Receskey*, __ F.3d __, 2012 WL 4900825, at *5 (5th Cir. Sept. 28, 2012), Davis has not demonstrated plain error.

The district court in this case stated that a 36-month sentence was proper based upon the 18 U.S.C. § 3553(a) factors and Davis's probationary conduct, which involved alcohol use, before it noted that the sentence would allow for Davis to have rehabilitation in prison. The district court also stated that a 36-month sentence would address "the factors that the Court can and should consider" and that "one factor that might be appropriate is that perhaps that would give the Bureau of Prisons an opportunity to let [Davis] participate" in a drug abuse treatment program.

The facts of this case are similar to those we considered in *Receskey*. *See Receskey*, 2012 WL 4900825, at ** 2, 5. As we concluded in *Receskey*, while the record indicates that the district court's concern over rehabilitation may have been an "additional justification" for the sentence, it does not indicate that it was

the "dominant" factor in the court's analysis. *See id*. at \*5. As the district court did not impose or lengthen Davis's prison term for the purpose of making him eligible for any rehabilitative program, he has not shown that the district court plainly erred under *Tapia*. *See id.* The judgment of the district court is AFFIRMED.