# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2013

No. 12-10290
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

APRIL LEANN POTTS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-118-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

April Leann Potts appeals the 24-month sentence imposed after revocation of her supervised release. She argues that her revocation sentence is plainly unreasonable because the district court relied on her rehabilitative needs when imposing or lengthening her sentence. She argues that the district court imposed the 24-month sentence so she could participate in the Bureau of Prison's drug rehabilitation program.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10290

In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held in a direct criminal appeal that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Even assuming that *Tapia* applies in the revocation context, *see United States v. Receskey*, 699 F.3d 807, 810 (5th Cir. 2012), Potts has not demonstrated that her sentence is plainly unreasonable.

The district court clearly did not impose the revocation sentence to address Potts's rehabilitative needs as revocation in her case was mandated by 18 U.S.C. § 3583(g). Moreover, as in *Receskey*, the court's concern over rehabilitation was not the "dominant factor" in the sentencing court's analysis, and the court discussed the opportunity for rehabilitation with Potts and recommended that she participate in a drug rehabilitation program after it imposed the sentence. *See Receskey*, 699 F.3d at 812. The district court did not violate *Tapia* because the sentence was not tailored to allow her to participate in a specific drug rehabilitation program. *Id.* The district court's judgment is AFFIRMED.