**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2013

Lyle W. Cayce
Clerk

No. 11-10843
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELLY LANCE RITCHIE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-56-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kelly Lance Ritchie appeals the sentence imposed after revocation of his supervised release. Ritchie argues that his 24-month sentence is unreasonable because the district court relied on a prohibited sentencing factor, his need for mental health treatment, to impose or lengthen the sentence.

Because Ritchie did not object to the reasonableness of his sentence based upon the district court's reference to his mental health/rehabilitative needs, our review of that issue is limited to plain error. *See United States v. Whitelaw*, 580

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 256, 259-60 (5th Cir. 2009).  In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held in a direct criminal appeal that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."  Even if we assume that *Tapia* applies in the revocation context, *see United States v. Receskey*, 699 F.3d 807, 810 (5th Cir. 2012), Ritchie has not demonstrated plain error.

The district court in this case stated: "I'm going to sentence the defendant . . . to 24 months [in prison].  I will recommend that he be placed at the Medical Center in Springfield, Missouri.  This will afford adequate deterrence, protect the public, and give the defendant an opportunity to participate in some mental health treatment service programs."  This statement was the district court's sole remark regarding Ritchie's need for treatment, and it falls far short of showing that the district court lengthened Ritchie's sentence of imprisonment to further his rehabilitation.   Accordingly, Ritchie has not shown that the district court plainly erred under *Tapia*.  *See id.* at 812. The judgment of the district court is AFFIRMED.