CATHARINA HAYNES, Circuit Judge,
dissenting:
I respectfully dissent. I agree that Tapia applies to sentences of imprisonment upon revocation of supervised release. I disagree that the district court here lengthened the sentence of imprisonment in order to provide rehabilitation, which is the error Tapia condemns.[1] United States *664 v. Receskey, 699 F.3d 807, 810 (5th Cir. 2012) (“Tapia, however, made clear that district courts do not err by discussing the rehabilitative opportunities within prison.”).
After beginning his supervised release following a conviction for possession of methamphetamine with intent to distribute, Garza does not dispute that he regressed back into drug use and other violations of his supervised release conditions. At his sentencing upon revocation of supervised release, the district court engaged in a lengthy colloquy with the defendant and his lawyer about the defendant’s experience on supervised release, what led to the conduct that gave rise to the revocation, and his prior periods of confinement. After that colloquy, in which the court observed that a prior sentence had been very lenient, the court stated: “I’ve considered the policy statement range of three to nine months and that would not begin to address your conduct. It wouldn’t satisfy the objectives of sentencing applicable to revocation in my view.”
The court then addressed the issue of treatment programs in prison, asking if a 30-month sentence would be long enough to allow participation in such a program. The probation officer indicated: “[I]t could be enough time. I believe if there were only 24 months, he would not be eligible at all. Probably on a 30 month, he would be able to get his name on the list.” The probation officer and the district judge then discussed the availability of “shorter” courses; however, nothing tying the length of those “shorter” courses to the length of imprisonment was discussed.[2]
At that point, the defendant’s attorney interjected that he did not think 30 months were required to complete a “long-term” program; 24 months would be enough. Thus, not only did the defendant’s attorney not object to consideration of prison treatment programs, he in fact furthered and seemed to agree with that consideration. Had the district court then pronounced a sentence of 24 months, the majority opinion’s position would seem accurate. However, at that point, the district judge expressly disagreed with the defense attorney about 24 months being adequate to engage in such a program. The court then ultimately decided to impose a 24-month sentence. The import of this discussion is that the district court considered lengthening the defendant’s sentence to allow for treatment in prison (i.e.“rehabilitation”) but decided not to do so. That conclusion is buttressed by the signed judgment which provides as a condition of supervised release that the defendant shall undergo mental health and drug treatment but does not so much as recommend to the Bureau of Prisons any treatment while imprisoned.
On plain error review, given the totality of the record, I cannot agree that the district court erred. Accordingly, I would not reach the other prongs of plain error review. Therefore, I respectfully dissent.

. Nothing in the record suggests that the district court’s consideration of whether to impose a sentence of imprisonment at all — the other type of Tapia error — was influenced by any consideration of rehabilitation.

. The only time period mentioned for the "shorter” courses was that one of the courses was a “40-hour course.”