# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2013

No. 12-30751
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE ALVAREZ-CERVANTES, also known as Felipe Cervantes, also known
as Jose Garciamata, also known as Jesus Alvarez Vazquez, also known as Victor
Gallegscorona, also known as Daniel Hernandez Bareda, also known as Daniel
Bareda Hernandez, also known as Jaime Cruz-Guevara,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-294-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Felipe Alvarez-Cervantes appeals and challenges his above-Guidelines
sentence of 45 months of imprisonment. The sentence was imposed following his
guilty plea convictions of possession of a firearm by a prohibited person and
illegal presence in the United States after removal. Alvarez argues the district
court abused its discretion by basing its sentence of imprisonment largely on its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determination that he needed anger management treatment and rehabilitation. Alvarez relies on the Supreme Court's holding that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011).

Alvarez objected to his sentence as unreasonable, but his objection was not specific enough to alert the district court of its potential error of considering the need for anger management treatment or rehabilitation when deciding on a sentence of imprisonment. Accordingly, our review is limited to plain error. *See United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (recognizing that an objection must be raised in such a manner that the district court is alerted of the potential error and may correct itself). To prevail on plain error review, Alvarez must show that a forfeited error occurred, the error was clear or obvious, and the error affected his substantial rights. *See United States v. Garza*, 706 F.3d 655, 662 (5th Cir. 2013). If those factors are established, the decision to correct the error is within our sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court provided an extensive explanation of its sentence. The court took note of Alvarez's history of domestic violence, as well as his problems with anger management, and determined that Alvarez had not been rehabilitated "from prior attempts by the criminal justice system." The district court indicated that its sentence addressed Alvarez's anger problems and his history of domestic violence, and that the sentence also took into account Alvarez's recidivism, the need to protect society from his dangerous behavior, and the need to impress upon Alvarez a respect for the law. After announcing the 45-month sentence of imprisonment, the district court recommended that Alvarez be placed in a prison facility where counseling for anger control and domestic violence would be offered to him, and it made Alvarez's participation

in counseling for anger control and domestic violence a condition of supervised release.

Our review of the sentencing shows the district court did not impose or lengthen the term of imprisonment for the purpose of making Alvarez eligible for a counseling or rehabilitative program, and therefore it did not clearly or obviously err under *Tapia*. *See United States v. Receskey*, 699 F.3d 807, 812 (5th Cir. 2012). The district court's statement of reasons shows that its concern with Alvarez's need for anger management counseling and rehabilitation was, at most, an "additional justification," rather than the "dominant factor," in its selection of a sentence of imprisonment. *See id*. Alvarez has not shown an entitlement to relief under the plain error standard. Accordingly, the judgment of the district court is AFFIRMED.