# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60469
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LATERRAL HAMILTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-57-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge: [*]

Laterral Hamilton challenges the twenty-four-month prison sentence imposed following the revocation of her supervised release. For the first time on appeal, she contends that the sentence, which equals the statutory maximum but exceeds the policy statement range of eight to fourteen months, is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60469

We typically review revocation sentences under the plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Because Hamilton failed to challenge the substantive reasonableness of her sentence in the district court, we review for plain error only. *See id.* To prevail, Hamilton must show a clear or obvious error that affected her substantial rights. *See id.* at 326–27. We have discretion to correct such an error but will do so only if it "seriously affect[s] the fairness, integrity, or public reputation of the judicial proceeding." *Id.* at 327 (internal quotation marks and citation omitted). Hamilton has not made the required showing.

In choosing a revocation sentence, district courts should consider the nonbinding policy statements found in Chapter Seven of the Guidelines Manual and the factors set forth in 18 U.S.C. § 3583(a). 18 U.S.C. § 3583(e)(3); *United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012). District courts have "considerable discretion" when determining revocation sentences. *Warren*, 720 F.3d at 328. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Id.* at 332 (internal quotation marks and citation omitted).

At the time of this revocation sentencing, Hamilton had previously violated the conditions of two additional supervised release terms. The record reflects the district court's consideration of the parties' sentencing requests, Hamilton's statement on her own behalf, the nature and circumstances of Hamilton's violation of the conditions of her supervised release, her prior revocations, and the need to deter future criminal conduct and protect the community. In light of the foregoing, Hamilton has not shown that her twenty-four-month sentence was the result of plain error. *See id.* at 332–33.

AFFIRMED.