# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60625

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAJA ILENE FEATHERSTONE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:12-CR-20-2

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

In 2013, Saja Featherstone was convicted of conspiracy to possess with intent to distribute hydrocodone in violation of 21 U.S.C. § 846 and sentenced to 13 months of imprisonment, followed by a three-year term of supervised release. In 2016, the probation office petitioned the district court to issue a warrant for Featherstone, alleging she had violated the terms of her supervised release. At her revocation hearing, Featherstone admitted and the district court found she violated the terms of her supervised release by leaving the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judicial district without permission and by associating with a convicted felon. She was sentenced to the statutory maximum of two years of imprisonment, to be followed by 12 months of supervised release. On appeal, Featherstone argues the district court 1) erred by requiring additional evidence before accepting her plea[1] rather than allowing her to waive a revocation hearing, and 2) abused its discretion in sentencing her to the statutory maximum sentence.

## BACKGROUND

Featherstone initially admitted the probation office's alleged violations in her plea. She admitted leaving Mississippi for Colorado at a time when she did not have permission to leave the judicial district, and that she had associated with Amy Willard, a convicted felon known to engage in criminal activity. At the revocation hearing, the district court indicated that it accepted her plea and would proceed with sentencing. The court then noted several potential aggravating factors, including that Featherstone knowingly made false statements to law enforcement that she had been kidnapped. The court and the parties began to discuss the kidnapping allegation. The district court interjected that Featherstone could not have left the judicial district voluntarily if she had been kidnapped.

Defense counsel indicated Featherstone's contention was that she "was forced to go to Colorado." The court asked if she was "withdrawing her plea," but counsel denied she was withdrawing her plea because Featherstone knew "she shouldn't have gone and she shouldn't have let Ms. Willard force her into this situation." The district court asked: "I'm asking you plain and simple, did

---

[1] Typically it is said that a defendant pleads "true" in a revocation proceeding, as opposed to pleading "guilty" in a criminal proceeding. *See e.g., United States v. Gonzalez,* 250 F.3d 923, 925 (5th Cir. 2001). However, the district court and parties adopted the latter nomenclature of a guilty plea throughout the proceedings and on appeal.

she leave voluntarily?" Counsel replied, "I think it's a little more nuanced than that, your Honor."

The district court stated it would construe Featherstone's plea as withdrawn. After continuing the revocation hearing for five days, the court sentenced her above the advisory guideline range to the statutory maximum of two years of imprisonment, followed by a year of supervised release. The court explained that Featherstone had "wantonly violated the conditions of supervised release," that she "left this district . . . to pick up this convicted felon," and that she "then consorted with this convicted felon on a close and intimate basis for quite a while." Defense counsel objected to the sentence as procedurally and substantively unreasonable. Featherstone timely appealed.

## DISCUSSION

## I.

Featherstone first argues that the district court erred by refusing to accept her plea to the supervised release violations. She contends that Fifth Circuit precedent and Fed. R. Crim. Pro. 32.1(b)(2) give her the right to waive a hearing on the guilt phase of a revocation proceeding and proceed to sentencing. She acknowledges the issue may be considered moot because the district court ultimately found the revocation charges were true, but asserts her claim falls into the mootness exception of "capable of repetition, yet evading review." *Turner v. Rogers*, 564 U.S. 431, 439-40 (2011). In terms of relief, Featherstone asks for a ruling that the district erred by not accepting her guilty plea, because such an order will save limited judicial resources in the future.

Federal courts are without the power to decide moot questions, that is, "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks and citation omitted); *see also C &*

No. 16-60625

*H Nationwide, Inc. v. Norwest Bank Tex. NA*, 208 F.3d 490, 493 (5th Cir. 2000) ("Federal courts are not in the business of rendering advisory opinions.").

This issue raised here is moot. Featherstone alleges no personal injury from the district court's manner of proceeding. Rather, she frames the injury as one to the court system as a whole. The relief she seeks would require an advisory opinion on the district court's possible future behavior. Even if a district court may refuse to accept a "plea" from her in the future, she has raised no actual case or controversy. *See Bd. Of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975).

## II.

Featherstone also challenges the procedural and substantive reasonableness of the district court's sentence. She argues that her sentence is substantively unreasonable because it fails to take into account that Featherstone had been influenced to violate the terms of her supervised release by Willard, and she contends that the district court gave significant weight to an irrelevant or improper factor by noting that she had "consorted" on a "close and intimate basis" with Willard. Finally, she argues that the district court's explanation of the sentence was inadequate.

"[A] sentence imposed on revocation of supervised release" is reviewed "under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Review on appeal must first, "ensure that the district court committed no significant procedural error," and second, "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51. This standard is more deferential to revocation sentences than to original sentences. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

A district court may revoke a term of supervised release if "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C),

4

(a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *Warren*, 720 F.3d at 328; *see also United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012) ("In imposing a revocation sentence, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines".).

Featherstone fails to show that the district court impermissibly relied on an improper factor. In context, the district court referred to a "close and intimate" relationship to emphasize that Featherstone should have known that Willard was a convicted felon, but continued to have contact with this felon for an extended period of time, rather than through a chance encounter. Even assuming, *arguendo*, that the court relied on an improper consideration, Featherstone has not shown that this was "a dominant factor in the court's revocation sentence," rather than "merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Thus Featherstone has not demonstrated procedural unreasonableness because of undue consideration of improper factors. *See Warren*, 720 F.3d at 329; *Miller*, 634 F.3d at 843–44.

Nor has Featherstone demonstrated error as to the adequacy of the explanation for the sentence. Because Featherstone did not specifically object to the district court's explanation of the sentence as being inadequate, that argument is reviewed for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). There is no hint of plain error.

Under 18 U.S.C. § 3553(c), district courts are required to state, in open court, reasons for imposing a particular sentence. *Rita v. United States*, 551 U.S. 338, 356–57 (2007); *see also Whitelaw*, 580 F.3d at 259–60 (revocation case). It is sufficient to show that the district court implicitly considered the

applicable sentencing factors. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

The record here reflects that the district court sufficiently considered the relevant sentencing factors. The district court stated that the sentence was crafted to "provide an adequate deterrence" and to "protect the public from further crimes of this defendant." *See* § 3553(a)(2)(B). The court had just undertaken a multiday revocation hearing, underscoring the court's familiarity with Featherstone's history and characteristics. *See* § 3553(a)(1) & (C); *Teran*, 98 F.3d at 836. The district court both implicitly and explicitly considered the § 3553(a) factors and gave "some explanation" for its sentence. *See Whitelaw*, 580 F.3d at 262. Featherstone has not demonstrated clear or obvious error with respect to the district court's explanation.

As to Featherstone's challenge to the substantive reasonableness of the sentence imposed, this court has routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007) ("the re-sentencing court did not plainly err in deciding to impose [T]he statutory maximum revocation sentence."). Featherstone's argument essentially amounts to a disagreement with the district court's balancing of the sentencing factors, factors that will not be reweighed on appeal. *See Gall*, 552 U.S. at 51.

Because Featherstone's appeal of the district court's refusal to accept her plea is moot, and she has not demonstrated procedural or substantive error in her sentence, we **AFFIRM**.