# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAQULYN MICHELLE LOVE,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-126-10

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jaqulyn Michelle Love appeals the revocation of her supervised release following her sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine.  She argues that the district court erred by placing too much emphasis on her history of substance abuse and need for rehabilitation when it sentenced her to 24 months of imprisonment, which was well above the advisory guidelines range of four to 10 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50235

Love therefore urges that the district court sentenced her in violation of *Tapia v. United States*, 564 U.S. 319, 334–35 (2011).

Love concedes that because she did not object to the sentence in the district court, our review is limited to plain error only. *See United States v. Culbertson*, 712 F.3d 235, 243 (5th Cir. 2013). To establish plain error, Love must show a clear or obvious forfeited error that affected her substantial rights. *Id.* The discretion to correct such a forfeited error should be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In imposing a revocation sentence, the district court must consider the applicable factors enumerated in 18 U.S.C. § 3553(a) and the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *See United States v. Mathena,* 23 F.3d 87, 90–93 (5th Cir. 1994); 18 U.S.C. § 3583(e). The court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program otherwise to promote rehabilitation." *Tapia*, 564 U.S. at 335. The dispositive factor in this type of case is whether rehabilitation was a dominant factor in the sentencing decision. *Culbertson*, 712 F.3d at 241–42.

The record does not reflect that rehabilitation was the dominant factor in the district court's sentencing of Love. The district court emphasized that a guidelines-range sentence would not address adequately the applicable § 3553 and Chapter 7 sentencing factors given that this was the third time that Love's supervised release would be revoked. The district court did not state that Love needed rehabilitation or express an opinion on her substance abuse; its discussion of Love's substance abuse was in the context of providing a procedural timeline of the case. In that regard, this matter differs from those cases in which we have found plain error because the district court placed great

2

emphasis on those factors when sentencing a defendant.  *See Culbertson*, 712 F.3d at 237–38, 242–45; *United States v. Garza*, 706 F.3d 655, 660–62 (5th Cir. 2013).  Given the district court's primary emphasis on the applicable § 3553 sentencing factors and Chapter 7 policy statements, Love has not shown any error related to the district court's sentencing decision.  *See United States v. Receskey*, 699 F.3d 807, 812 (5th Cir. 2012).

AFFIRMED.