# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60420
CONSOLIDATED WITH
No. 22-60421

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GURDY FARMER,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:19-CR-274-1, 4:13-CR-15-1

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

Defendant-Appellant Gurdy Farmer challenges his statutory-maximum 36-month term of imprisonment imposed on revocation of his two terms of supervised release. Farmer contends that the district court substantively and procedurally erred by (1) selecting sentences based on clearly erroneous facts; (2) applying items of evidence to the sentencing

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

factors, and (3) relying on extrajudicial sources that revealed an unfair bias towards Farmer. For the following reasons, we affirm the district court's sentence regarding the two revocations of release.

## I. BACKGROUND

In 2013, Farmer pleaded guilty to one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(3). He was sentenced to 18 months of imprisonment and five years of supervised release. In 2015, Farmer pleaded true to violating conditions of his supervised release and was sentenced to nine months of imprisonment and five years of supervised release. In 2019, after he again violated his supervised release, he was sentenced to 10 months of imprisonment and five years of supervised release. Those violations also resulted in federal charges; in 2020, Farmer pleaded guilty to one count of felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to a 12-month-and-one-day term of imprisonment and three years of supervised release.

In 2021, the probation office petitioned for a warrant, alleging that Farmer had violated the terms of his supervised release beginning in November of 2020 by testing positive for methamphetamine on two occasions. He also failed to notify his probation officer after he was questioned twice by the Choctaw Police Department, and he failed to notify his probation officer after moving from his reported address. At the revocation hearing, Farmer pleaded true to all allegations against him. During that hearing, the probation officer recommended a sentence of nine months of imprisonment for revocation of the terms of supervised release related to his initial 2013 conviction of abusive sexual contact (4:13-CR-15-HTW) and 11 months of imprisonment for revocation of supervised release related to his 2020 conviction of felon in possession (3:19-CR-274-HTW), to run

consecutively. That resulted in a 20-month term of imprisonment. Farmer agreed with the recommendation of the probation office.

At the revocation hearing, the district court found that Farmer had violated his supervised release conditions as alleged and sentenced him to the statutory maximum: a one-year term of imprisonment with five years of supervised release in 4:13-CR-15-HTW, to run consecutively to the two-year sentence with one year of supervised release imposed in 3:19-CR-274-HTW. These two revocation judgments resulted in a combined term of imprisonment of 36 months. At the end of the hearing, Farmer's counsel objected to the procedural and substantive reasonableness of the sentence imposed, stating that "[w]e would for the record object to the reasonableness of the sentence, both procedurally and substantively." Farmer timely filed notices of appeal.

## II. STANDARD OF REVIEW

When a defendant preserves his objection for appeal, this court reviews a sentence imposed on revocation under the plainly unreasonable standard. *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). Under that standard, this court first "ensure[s] that the district court committed no significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *Id.* at 685 (internal quotation marks and citation omitted). "If the district court's sentencing decision lacks procedural error, this court next considers the substantive reasonableness of the sentence imposed." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). A revocation sentence will be found substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3)

represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (quoting United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007)).

## III. ANALYSIS

Farmer first challenges the procedural reasonableness of his sentence, alleging that the district court made two errors in its factual findings. He asserts that the district court erred in finding that he would present a threat to the public "if he's out trying to drive from time to time." Farmer claims that the district court lacked any evidentiary support for this finding because there was no evidence in the record to support the conclusion that Farmer is ever likely to operate a vehicle. Farmer points out that he testified that he is homeless and does not own a car. Farmer also takes issue with the district court's finding that he violated his probation by failing to report his changes of address to his probation officer. He asserts that there is no way he could have complied with this condition because he is homeless, which he alleges is the result of a special condition imposed at his 2019 revocation hearing.

The district court considered Farmer's recidivism and addiction in determining his sentences, but Farmer's repeated supervised release violations, including his drug use and failure to report change of address, are undisputed and supported by the evidence of record. The record also demonstrates that Farmer was previously convicted for driving under the influence in 2007 and had numerous arrests for intoxication. Moreover, Farmer formally admitted that he violated the condition that he report any changes of address, and he did not object to the special condition imposed in 2019 that allegedly led to his homelessness. Farmer did not contest any of those facts during the instant revocation hearing and has not shown that the district court relied on any erroneous information or that its factual findings

No. 22-60420
c/w No. 22-60421

were not plausible in light of the record as a whole. *See Warren*, 720 F.3d at 331; *United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 & n.3 (5th Cir. 1994).

Farmer also challenges the substantive reasonableness of the sentence, asserting that the district court erred by giving undue weight to some sentencing factors and by relying on extrajudicial sources that resulted in an unfair bias. At sentencing, the district court considered Farmer's repeated noncompliance with his supervised release conditions and determined that another guidelines sentence would not adequately deter Farmer or others from unlawful conduct. The court ultimately decided that a sentence above the recommended sentencing range, but within the statutory maximum, was proper to satisfy the sentencing goals of § 3553(a).

The record reflects that the district court undertook an individualized assessment of the facts and that its justification for imposing the revocation sentence was consistent with the 18 U.S.C. § 3553(a) sentencing factors. Farmer is correct that the district court alluded to extrajudicial evidence by opining on the efficacy of sober living facilities, yet he fails to show that the district court gave this evidence significant weight or that it was a dominant factor in the district court's sentencing decision. *See Warren*, 720 F.3d at 332. The remainder of Farmer's argument amounts to a disagreement with the district court's balancing of the applicable § 3553(a) factors, which this court will not reweigh. *See Warren*, 720 F.3d at 332. Farmer has failed to show that his revocation sentences are plainly unreasonable. *See id.*

Farmer's 36-month sentence is the statutory maximum, but the district court could have imposed any sentence within the appropriate statutory maximum term of imprisonment. *United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012). This court has "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum," *Warren*, 720 F.3d at 332 (internal quotation marks and

No. 22-60420
c/w No. 22-60421

citation omitted); *see also United States v. Mathena*, 23 F.3d 87, 89, 93-94 (5th Cir. 1994) (concluding sentence of 36 months of imprisonment was not plainly unreasonable when the policy-statement range was 12 months of imprisonment).

## IV. CONCLUSION

The district court's imposition of a 36-month term of imprisonment was not plainly unreasonable. Its two revocation judgments are AFFIRMED.