# United States Court of Appeals for the Fifth Circuit

---

No. 24-50615
CONSOLIDATED WITH
No. 24-50624

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RANDY CAMPOS,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:16-CR-93-1,
2:23-CR-1523-1

---

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Randy Campos appeals two consecutive thirty-six-month sentences imposed following the revocation of his terms of supervised release. He contends that the district court improperly relied on

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

24-50615
c/w No. 24-50624

a retributive factor during sentencing, and that the sentences are excessive because they are triple the guidelines range of imprisonment.

Because Campos did not preserve these issues by objecting in the district court, we review only for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail on plain error review, Campos must establish that there was a forfeited error which was clear or obvious, and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes those showings, this court has the discretion to correct the error, but only if it seriously affects the "fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

The Supreme Court recently addressed a circuit split regarding the imposition of revocation sentences. The Court held that a district court may not consider the retributive factors under 18 U.S.C. § 3553(a)(2)(A) when revoking supervised release because Congress deliberately excluded such factors from consideration. *Esteras v. United States*, 145 S. Ct. 2031, 2037–40 (2025). The Court noted, but did not comment on, this circuit's "intermediate" approach to the issue. *Id.* at 2038 n.1 (citing *United States v. Sanchez*, 900 F.3d 678, 684–85 (5th Cir. 2018)). A five-justice majority also concluded that the "offense" referred to in § 3553(a)(2)(A) is the original criminal offense, but took no position on whether "policy statements by the Sentencing Commission that sound in retribution" for the supervised release violation are permissible considerations. *Esteras*, 145 S. Ct. at 2040 & n.5. This court has not had occasion to consider what effect, if any, *Esteras* has on this court's prior jurisprudence, and we need not do so in this case because, as discussed below, Campos is unable to establish an error that is clear or obvious. *See Puckett*, 556 U.S. at 135.

The district court's explanation of the sentence did not expressly refer to any retributive factor in violation of *Esteras*. *See Esteras*, 145 S. Ct. at 2037–

40. Rather, when taken in context, the district court's statements appear to focus on the permissible sentencing factors of deterrence and incapacitation. *See Esteras*, 145 S. Ct. at 2038–39, 2043–44. To the extent that Campos urges a different interpretation of the district court's statements—one that would contravene *Esteras* or this court's precedent—he has not demonstrated that any error is clear or obvious. *See id.*; *Sanchez*, 900 F.3d at 683–85; *Puckett*, 556 U.S. at 135. Consequently, Campos has not established that the district court plainly erred in fashioning his revocation sentence. *Id.*

Campos's broader contentions—that the sentences are unreasonable—are also unavailing. "The district court may revoke a term of supervised release and impose a maximum prison sentence as allowed by the revocation statute." *United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012). Although the consecutive thirty-six-month sentences exceeded the advisory policy statement ranges under the Sentencing Guidelines, they were statutorily authorized. *See* 18 U.S.C. §§ 3583(e)(3), 3584. We have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Altogether, we have considered Campos's arguments and conclude that he fails to show clear or obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.